HENRY COTHEAL AND AL. ADS. VIRGINIA MOOREHOUSE AND AL.

1. Infant plaintiffs resident in this state, will not be compelled to give security for costs, except in ejectment, when the lessor is an infant.

2. But where the *prochein amy* is irresponsible, the court in their discretion may order security, or appoint a responsible *prochein amy*.

3. Where an infant plaintiff residing out of this state sues by *prochein amy* residing in the state, the defendant by the statute is entitled to security for costs.

Cotheal and al. ads. Moorehouse and al.

This was an action of waste. The plaintiffs are infants residing out of the state. At the present term of the court, a guardian ad litem, residing in this state was admitted on the petition of the plaintiffs to prosecute the suit in their behalf.

*Leupp*, for the defendant, applied for a rule upon the plaintiffs to file security for costs. He cited *Doe* v. *Alston*, 1 *T. R.* 491; *Hullock's Law of Costs* 441.

The CHIEF JUSTICE delivered the opinion of the Court.

The rule laid down by *Buller, J.* in *Doe* v. *Alston*, 1 *T. R.* 492, that " where an infant sues, the court will oblige the prochein amy, or guardian, or attorney, to give security for costs," is peculiar to the action of ejectment. Although the rule as stated admits of a broader application, yet it was designed to apply to the action then pending before the court, which was an action of ejectment. It was so regarded by this court in the case of *The State Bank* v. *Evans*, 2 *Green* 300.

Whether the rule extends to other actions seems not to be clearly settled. The practice upon the subject has not been uniform.

Both the courts of King's Bench and Common Pleas have refused an order upon an infant plaintiff to give security for costs, merely because the prochein amy was not a man of responsibility. 1 *Marshal* 4; *Yarmouth* v. *Mitchel* 2 *Dowl & R.* 423.

The weight of authority, however, seems to be, that if the prochein amy is not of sufficient responsibility, the court, in the exercise of its discretion may appoint another, who is responsible, or may order security for costs. *Turner* v. *Turner*, 1 *Stran.* 708; 2 *Sell. Prac.* 67; 2 *Archb. Prac.* 143; *Mann* v. *Berthen*, 4 *Moore & P.* 215; *Watson* v. *Fraser*, 9 *Dowl* 741; *Macpherson on Inf.* 354; *Hullock's Law of Costs*, 225.

But when the plaintiffs reside out of the state, the defendant, by the express provision of the law of this state, is entitled to security for costs. *Rev. Stat.* 940, § 74.

The statute makes no exception in favor of infants. The court cannot by the appointment of a prochein amy, or guard-

ian within the state, deprive the defendant of a right secured to him by the statute. Even in the exercise of an unquestionable power, the court would not, where the plaintiffs are non-residents, deprive the defendant of all remedy for his costs by committing the direction of the suit to irresponsible hands, without security to the defendant.

Let all further proceedings in the suit be stayed, until security for costs be filed, pursuant to the statute.